Mr. Justice MILLER,
after stating the case, delivered the opinion of the court:
It is very clear that a paper not signed by counsel, nor entered on the record of the court, nor made part of the record of the case by bill of exceptions, or in any other manner, cannot be considered by this court as the foundation on which it is to affirm or reverse the case. It is probable, from the language of the closing paragraph, that the parties considered it as an agreed statement of facts, on which the court *102 below might decide the law, and on which this court would review that decision. And it is quite true that this court has decided, in the case of The United States v. Eliason,* and in several cases since that one, that this may be done.
But in order to bring such a case properly before this court, two things are essential, which are wanting in the present case.
1. The agreed statement of facts must, in some manner in the court below, be made a part of the record of the case. The case of The United States v. Eliason shows, that it wa3 strongly urged upon this court that it had been laid down by Sir ’Win. Blaekstone in his Commentaries, and by Stephen in his Treatise on Pleadings, that error did not lie on such a statement. The court, however, said that the reason for this was, that in the English practice, the agreed statement was not like a special verdict entered on the record, and the appellate court could not therefore notice it. But that in the practice of our courts such agreements are signed by “ the counsel, and spread upon the record at large as part thereof.” And thus they become technically a part of the record, into which the appellate court look, with the other parts of it, to ascertain if there be error. †
2. The statement of facts on which this court will inquire, if there is or is not error in the application of the law to them, is a statement of the ultimate facts or propositions which the evidence is intended to establish, and not the evidence on which those ultimate facts are supposed to rest. The statement must be sufficient in itself, without inferences or comparisons, or balancing of testimony, or weighing evidence, to justify the application of the legal principles which must determine the case. It must leave none of the functions of a jury to be discharged by this court, but must have all the' sufficiency, fulness, and perspicuity of a special verdict. If it requires of the court to weigh conflicting testimony, or to balance admitted facts, and deduce from these the propositions of fact on which alone a legal conclusion can rest, then *103 it is not such a statement as this court can act upon. The paper before us “ is evidence of facts, and not the facts themselves as agreed or found.”* †It is obvious that if the whole of this paper were presented by a jury as a special verdict, it would be objectionable, as presenting the evidence of facts, and not the facts themselves, which must determine the issue.
Cases of a character nearly allied to this have been frequently before this court, and although the opinions delivered are not always reconcilable in every respect, it is believed that they speak but one language as to the two propositions here laid down.†
The paper which we have been considering being rejected, there is nothing before the court by which it can determine whether the judgment of the court below is right or wrong.
The legal presumption is in favor of the correctness of that judgment, hut as the parties here have all considered the case as turning on the evidence which we have refused to consider, and have so argued it, and as it was, no doubt, prepared with a view to obtaining the opinion of this court on the case there stated, we have determined to dismiss the writ of error, thus leaving the parties at liberty, if they can do so by a proper agreement in the court below, to remove the difficulties which now prevent this court from reviewing the case.
Case dismissed with costs.

 16 Peters, 291.

 See also Graham v. Bayne, 18 Howard, 60.

 Graham v. Bayne, 18 Howard, 62.

 Pennock v. Dialogue, 2 Peters, 1; The United States v. Eliason, 16 Id., 300; The United States v. King et al., 7 Howard, 844; Bond v. Brown, 12 Id., 256; Weems v. George, 13 Id., 190; Arthurs v. Hart, 17 Id., 7; Graham v. Bayne, 18 Id., 60.